IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT PALMER

MATTHEW NIESSINK and )
ROBERTA RASMUSSEN, husband and wife, )
)
Plaintiffs, )
)
vs. )
)
WAL-MART and )
WAL-MART STORES, INC., )
) 3PA-06-01869 CI
Defendants. )

*Received in the Trial Courts State of Alaska Third District at Palmer OCT 10 2006 By ___ Clerk of the Trial Courts ___ Deputy*

## COMPLAINT

COME NOW Plaintiffs, Matthew Niessink and Roberta Rasmussen, husband and wife, by and through counsel, and for their complaint against defendants allege the following:

1. Plaintiffs Matthew Niessink and Roberta Rasmussen are and at all times relevant to this complaint were husband and wife and residents of the State of Alaska, Third Judicial District.

2. Defendant Wal-Mart is a corporation organized under the laws of the State of Arkansas, doing business within the State of Alaska.

3. Defendant Wal-Mart Stores, Inc. is the parent corporation of Wal-Mart, organized under the laws of the State of Arkansas.

4. Defendant Wal-Mart Stores, Inc., during the times pertinent to this complaint, was the supplier of products for defendant Wal-Mart.

Law Offices of Richard L. Harren, P.C.
851 E. Wuppsini Drive, Suite 202
Wasilla, Alaska 99654
(907) 376-2355 Facsimile: (907) 376-9099

Exhibit ___A___
Page ___1___ of ___4___ Pages

## COUNT I

Plaintiffs reallege paragraphs 1 through 4 as though fully set forth herein.

5. On May 15, 2006, Plaintiff Matthew Niessink returned a bicycle previously purchased from Wal-Mart due to defect, and exchanged it for another bicycle, brand name "NEXT."

6. Wal-Mart's marketing of bicycles offers "Free Assembly," and sells their bicycles in "ride off the floor" condition.

7. Plaintiffs relied on Wal-Mart's express or implied warranty that the bicycle was in "ride off the floor" condition and, that it was safe and properly assembled.

8. On May 22, 2006, plaintiff Matthew Niessink was riding the bicycle purchased from and assembled by Wal-Mart and coasting downhill around 10 mph, when suddenly the handle bars rolled forward, causing plaintiff to pitch forward over the handle bars and fall to the ground, landing on his left side.

9. As a result of his fall, Matthew Niessink received personal injuries including, but not limited to, several abrasions, left-sided chest wall and upper left quadrant abdominal pain, ruptured spleen, and was hospitalized.

10. During the course of plaintiff's stay in the Intensive Care Unit, he was advised that he would need his spleen removed, unless he limited his activities to near bed rest status for an extended period of time and allowed his spleen to heal.

11. Defendants are liable for breach of implied and express warranty, which breach

has caused the injuries to plaintiff.

12. As a direct and proximate result of his injuries, Matthew Niessink has suffered permanent impairment, a loss of future earning capacity, pain and discomfort and the loss of enjoyment of life. Further, as a direct and proximate result of those injuries, Matthew Niessink has suffered and will continue to suffer the loss of past earnings and loss of fringe benefits, including medical insurance coverage, life insurance coverage, and retirement benefits. Additionally, he has suffered and will in the future suffer an inability to perform non-market and household services. Further, as a direct and proximate result of plaintiff's injuries, he has incurred and in the future will incur significant medical, rehabilitation and other related expenses.

13. As a direct and proximate result of the injuries to her husband, plaintiff Roberta Rasmussen has suffered loss of consortium with her husband, the loss of medical and life insurance benefits, and has had to perform services for her husband that he otherwise would have done for himself.

## COUNT II

Plaintiffs reallege paragraphs 1 through 13 as though fully set forth herein.

14. Defendants Wal-Mart and Wal-Mart Stores, Inc. owed a duty to plaintiffs to ensure safety measures were followed and otherwise act prudently in assembling bicycles for customers.

15. Defendants were negligent and breached their duties to plaintiff.

16. As a result of defendants' negligence, plaintiffs were injured.

Law Offices of Richard L. Harren, P.C.
851 E. Westpoint Drive, Suite 202
Wasilla, Alaska 99654
(907) 376-2355 Facsimile: (907) 376-9099

## COUNT II

Plaintiffs reallege paragraphs 1 through 16 as though fully set forth herein.

17. Defendants Wal-Mart and Wal-Mart Stores, Inc. are strictly liable for the fundamental defect in the product which they marketed, and, for the "booby trap" they created.

18. As a direct and proximate result of the fundamental product defect, plaintiffs were injured.

WHEREFORE, plaintiffs pray for relief from this Court, as follows:

1. For general damages in excess of $100,000 with the exact amount to be proven at trial;

2. For costs, interest and attorney's fees; and,

3. For such other and further relief as the Court deems proper.

DATED this 10 day of October, 2006.

LAW OFFICES OF RICHARD L. HARREN
Attorneys for Plaintiff

By_____
Richard L. Harren, ABA #8211118

Law Offices of Richard L. Harren, P.C.
851 E. Westpoint Drive, Suite 202
Wasilla, Alaska 99654
(907) 376-2355 Facsimile: (907) 376-9099